UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NINA CAMPAGNA,
o/b/o husband, Don Campagna (deceased),

    Plaintiff,

v.                                              Case No. 8:09-CV-2642-T-17EAJ

ANECO ELECTRIC,
a division of M.C. Dean,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). A trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citations omitted). When presented with a motion to proceed in forma pauperis, the court should first consider only "whether the statements in the affidavit satisfy the requirements of poverty," and the court should accept the statements in the affidavit as true absent a serious misrepresentation. Id. at 1307 (citations omitted). A litigant need not be "absolutely destitute" to qualify as indigent for purposes of § 1915. Id.

Plaintiff's affidavit reveals that she earns $450-500 per week, has $10,000 in a checking account, owns a home worth approximately $125,000, and owns a car worth approximately $500. Plaintiff's monthly obligations include $874 in mortgage payments[1], approximately $420 in credit card payments, $150 in past medical bills, and $100 for her mother's support. In light of Plaintiff's assets, income, and liabilities, Plaintiff's affidavit does not reveal the requisite inability to pay the cost of filing an action.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 2) be **DENIED**.

**Date: January 14, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this

---

[1] Plaintiff reported the approximate value of her home and the amount of her monthly mortgage payment but left blank the line indicating the amount owed on that mortgage.

report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge